# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| NATHANIEL DUDLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-432 (MTT) |
| | ) |
| LIEUTENANT REGINALD CLARK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

U.S. Magistrate Judge Stephen Hyles recommends that Defendant James McMillan's Motion to Dismiss (Doc. 18) be granted. Doc. 23 at 1, 7. In the same order, the Magistrate Judge denied Plaintiff Nathaniel Dudley's Motion to Appoint Counsel (Doc. 12). Doc. 23 at 1, 3. In response, Dudley filed a "Response to Magistrate Judge Order and Recommendation." Doc. 26. In this "response," Dudley (1) asks that the Magistrate Judge reconsider his order denying the Motion to Appoint Counsel (Doc. 12); (2) asks for an extension of time due to Dudley's filing a Motion for Discovery (Doc. 27); and (3) clarifies that Defendant McMillan "was not intended to be a party to this complaint but a witness in this action." *Id*. at 1. The Court treats this as (1) a Motion to Reconsider the Magistrate Judge's ruling on Dudley's Motion to Appoint Counsel; (2) a Motion for Extension of time to file an objection; and (3) out of an abundance of caution, the Court treats Dudley's motion as an objection to the Magistrate Judge's recommendation to grant Defendant McMillan's Motion to Dismiss.

## I. MOTION TO RECONSIDER

The Court construes the Plaintiff's "response" as a motion to reconsider the Magistrate Judge's denial of his Motion to Appoint Counsel (Doc. 12). This Court "may reconsider any pretrial matter [decided by the Magistrate Judge] . . . where it has been shown that the [M]agistrate [J]udge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Brown v. United States*, 748 F.3d 1045, 1055 (11th Cir. 2014); *Muhammad v. HSBC Bank USA, N.A.*, 399 F. App'x 460, 462 (11th Cir. 2010). Here, the Plaintiff has not made either of these showings, and thus his Motion for Reconsideration is **DENIED**.

## II. MOTION FOR EXTENSION OF TIME

Dudley also appears to seek an extension of time to file an objection to the Magistrate Judge's Recommendation in light of his Motion for Discovery (Doc. 27). First, Dudley's Motion for Discovery has since been denied by the Magistrate Judge. Doc. 29. Second, the Report and Recommendation presently before the Court contained only one recommendation to which Dudley could object: that Defendant McMillan's Motion to Dismiss (Doc. 18) be granted. Dudley, in his "response," admits that Defendant McMillan was not intended to be a party but a witness to this action and states that he "does not contess [sic] magistrate judges [sic] decision to dismiss defendant McMillan." Doc. 26 at 1. Moreover, as discussed below, the Court has reviewed the Magistrate Judge's recommendation as if Dudley has objected. Therefore, to the extent Dudley seeks an extension of time to file an objection that motion is **DENIED as moot**.

## III. DUDLEY'S OBJECTION TO THE RECOMMENDATION

Finally, out of an abundance of caution, the Court treats Dudley's "response" as an objection to the Magistrate Judge's recommendation that Defendant McMillan's Motion to Dismiss (Doc 18) for failure to exhaust administrative remedies be granted. Pursuant to 28 U.S.C. § 636(b)(1), the Court has performed a de novo determination of this recommendation, and the Court accepts the findings, conclusions, and recommendation of the Magistrate Judge.

## IV. CONCLUSION

Dudley's Motion to Reconsider is **DENIED**, and his Motion for Extension of Time to Object is **DENIED as moot**. The Magistrate Judge's Recommendation (Doc. 23) is **ADOPTED**. Accordingly, Defendant McMillan's Motion to Dismiss (Doc. 18) is **GRANTED**, and Dudley's claims against Defendant McMillan are **DISMISSED without prejudice**[1] for failure to exhaust administrative remedies.

---

[1] The applicable two-year statute of limitations may have run. Therefore, the dismissal is, in effect, likely with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981). Although mandatory, the exhaustion requirement is not jurisdictional. *See Jones v. Bock*, 549 U.S. 199, 212-17 (2007). Accordingly, several Circuits have held that the statute of limitations is "tolled while a prisoner completes the mandatory exhaustion process." *See Gonzalez v. Hasty*, 651 F.3d 318, 323-24 (2d Cir. 2005). The Eleventh Circuit has declined to hold that equitable tolling applies, but it has stated that the statute of limitations may be tolled while a prisoner exhausts administrative remedies. *See Napier v. Preslicka*, 314 F.3d 528, 534 n.3 (11th Cir. 2002) (citing *Clifford v. Gibbs*, 298 F.3d 328, 332-33 (5th Cir. 2002)) ("We proffer, but do not hold, as that issue is not before us, that . . . the doctrine of equitable tolling, as other circuits have applied that doctrine to the administrative exhaustion requirement for prison condition suits[, may apply]."); *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001) ("Because the statute of limitations may have been tolled on account of [the Plaintiff]'s exhaustion of administrative remedies, it does not appear beyond a doubt from the complaint itself that Leal can prove no set of facts which would avoid a statute of limitations bar." (citation omitted)). Also, several Circuits have held that, either pursuant to state law or equitable tolling, the statute of limitations is tolled while a plaintiff's case is pending in federal court. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (allowing the plaintiff to take advantage of Arkansas's one-year savings statute after his action was dismissed for failure to exhaust); *Clifford*, 298 F.3d at 333 (holding that the limitations period is equitably tolled during pendency of federal suit); *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001) (finding that the statute of limitations should be equitably tolled "during the pendency of this action"). Again, the Eleventh Circuit has not addressed the issue. But it has suggested that Georgia's renewal statute, O.C.G.A. § 9-2-61, applies in 42 U.S.C. § 1983 cases. *See Scott v. Muscogee Cty.*, 949 F.2d 1122, 1123 (11th Cir. 1992). But even if Dudley is barred from refiling this claim, dismissal is

**SO ORDERED**, this 28th day of November, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

appropriate. Dudley was advised of the consequences of a motion to dismiss for failure to exhaust administrative remedies, instructed to supplement the record as to the issue of exhaustion, and given an opportunity to do so. Doc. 20. The record shows that the Plaintiff has failed to exhaust his administrative remedies as to his claim against Defendant McMillan. *See Bryant v. Rich*, 530 F.3d 1368, 1375 n.11 ("We do not mean to say today that a failure to exhaust can never correctly result in a dismissal with prejudice." (citing *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005); *Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2004))).